HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RUDOLPH B. ZAMORA JR., Plaintiff, v. CITY OF BONNEY LAKE, BONNEY LAKE POLICE DEPARTMENT, PIERCE COUNTY, PIERCE COUNTY SHERIFF'S OFFICE, BONNEY LAKE POLICE OFFICER ERIC ALFANO, and PIERCE COUNTY SHERIFF SHANDON WRIGHT, Defendants. | No. 3:11-cv-05495 RBL<br><br>ORDER ON DEFENDANTS' MOTION TO DISMISS<br>[Dkt. #7] |

**INTRODUCTION**

THIS MATTER comes before the Court upon Defendant Pierce County's Motion to Dismiss under Rule 12(b)(6) for failure to state a claim. [Dkt. #7]. Defendants City of Bonney Lake and Bonney Lake Police Officer Eric Alfano join in Pierce County's Motion. [Dkt. #8]. The Court has reviewed the materials submitted in support of and in opposition to the Motion. For the reasons below, the Court GRANTS Defendants' Motion to Dismiss in part and DENIES in part.

**BACKGROUND**

**1. Events at the Zamora Home**

Plaintiff Rudolph B. Zamora, Jr. is an individual residing in Pierce County, Washington. Defendant City of Bonney Lake is a municipal entity, operating Defendant Bonney Lake Police

Department. Defendant Pierce County is a municipal entity, operating Defendant Pierce County Sheriff's Office. Defendant Eric Alfano is named in the complaint as an officer of the BLPD, and Defendant Shandon Wright is named in the complaint as a Deputy Sheriff in the Pierce County Sheriff's Office.

Plaintiff's Complaint makes the following allegations:

On June 5, 2009, the Bonney Lake Police Department received a phone call from a worried citizen who believed her boyfriend, Plaintiff Rudolph Zamora, Jr., to be suicidal and potentially intending to engage in gunfire with the police. At approximately 5:00 a.m., Defendants Officer Eric Alfano and Deputy Shandon Wright, as well as several other officers and deputies, arrived at the residence of Rudolph Zamora, Sr., Plaintiff's father. The Zamora property consists of three distinct residences: a main house, a small residence behind, and a guest house.

As law enforcement officers approached the main residence in their patrol vehicles, they used loudspeakers to awaken Zamora, Sr., instructing him to come outside the house. Zamora, Sr. did so without threat or resistance and confirmed that no one had been injured prior to the arrival of law enforcement. He was then secured in a patrol car, and two handguns were retrieved from his residence.

The law enforcement officers then proceeded to awaken the brother of Zamora, Sr. and required him to leave the residence. They next encountered Amanda Leigh Winn, who was leaving the guest house. They told her to raise her hands and move away from the building. They asked whether anyone else was in the house and whether everyone was alright. Winn told the officers that her boyfriend, the Plaintiff, was asleep on the couch in the front room and that everyone was alright. She told officers there were no weapons in the home.

Defendants Alfano and Wright then went to the door of the house where they observed the Plaintiff just then awaking from the commotion on the property. Plaintiff alleges that after assuring themselves he was not injured, Defendants Alfano and Wright came into the residence and made demands of the Plaintiff. When he did not respond in a sufficiently timely manner, the

officers twice deployed tasers on him. Plaintiff alleges he then fell to the ground, sustaining injury.

**2. Procedural Background**

Plaintiff commenced this action against Defendants City of Bonney Lake, Pierce County, Bonney Lake Police Department, Pierce County Sheriff's Office, Bonney Lake Police Officer Alfano, and Pierce County Deputy Sheriff Wright. Against the municipalities, Plaintiff's Complaint asserts federal § 1983 claims of vicarious liability for the officers' use of excessive force in violation of Plaintiff's Fourth Amendment rights; a state vicarious liability claim for the officers' actions in committing assault, battery, and use of excessive force; and negligence claims for failure to properly supervise and train their employees. Against Officer Alfano and Deputy Wright, Plaintiff's Complaint asserts § 1983 claims for use of excessive force and invasion of privacy in violation of Plaintiff's Fourth Amendment rights, and state tort claims of assault, battery, and use of excessive force; negligence; false arrest; and outrage.

Defendants Pierce County and Bonney Lake seek dismissal of Plaintiff's claims under Rule 12(b)(6). They argue that Plaintiff's § 1983 claims against the County and City—which rest on a *respondeat superior* theory—are not viable because *respondeat superior* liability does not exist under § 1983. Defendants argue that, even assuming Plaintiff means to assert a § 1983 municipal liability *Monell* claim, it fails because Plaintiff has not alleged a municipal policy or custom to support a *Monell* claim. They argue that Plaintiff thus cannot state a federal claim against the County and City under § 1983.

Defendant Pierce County also argues it is not vicariously liable for its employee's actions under state law. The County argues that Plaintiff has failed to assert facts showing that Defendant Wright was acting under the direction and control of any entity other than the Bonney Lake Police Department. As such, the County argues that an exception to state vicarious liability applies, and Plaintiff therefore has no state vicarious liability claim against the County.

Defendants Pierce County and Bonney Lake argue Plaintiff has failed to allege sufficient facts to support a negligence claim against them.

**DISCUSSION**

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper [Rule 12(b)(6)] motion. *Vasquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

**1. Claims Against Pierce County and the City of Bonney Lake**

**a. § 1983 Claims Against the County and City**

Plaintiff asserts federal § 1983 claims against County and City for their officers' use of excessive force and invasion of privacy in violation of Plaintiff's Fourth Amendment rights. Plaintiff erroneously bases its § 1983 claims against the County and City on the doctrine of *respondeat superior*, which is unavailable. Under federal law, the County and City are not vicariously liable for the acts of Alfano and Wright. In order to set forth a claim against a municipality under 42 U.S.C. § 1983, a plaintiff must show that the defendant's employees or agents acted through an official custom, pattern or policy that permits deliberate indifference to, or violates, the plaintiff's civil rights; or that the entity ratified the unlawful conduct. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 690-91 (1978); *Larez v. City of Los Angeles*, 946

F.2d 630, 646-47 (9th Cir. 1991). A municipality is not liable unless "action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell*, 436 U.S. at 691. A plaintiff must show that "through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged." *Board of Cnty. Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997).

Plaintiff makes no assertion that there is a policy or custom at play here or that Defendants Alfano and Wright acted in accordance with such County or City policies. Where the Complaint does not contain allegations of police action in conformity with a municipality's "official policy, conduct or practice," dismissal is proper. *Arpin v. Santa Clara Valley Transp. Agency*, 361 F.3d 912, 925 (9th Cir. 2001).

Plaintiff has failed to allege that any official policy was a moving force behind the officers' actions, and therefore, Plaintiff has not alleged that these entities are liable under *Monell*. Plaintiff's § 1983 claims against the County and City are DISMISSED, but Plaintiff shall be permitted to file an amended Complaint asserting a *Monell* claim within ten days.

**b. State Law Vicarious Liability Claim Against the County and City**

Plaintiff claims the County and City are vicariously liable under Washington law for the actions of Alfano and Wright in committing assault, battery, and use of excessive force. Plaintiff claims that the officers were acting within the scope of their employment, making the County and City liable under the doctrine of *respondeat superior*. Pierce County acknowledges that state law makes a municipal employer liable for the actions of its employees within the scope of their employment. However, the County argues that Plaintiff's claim fails based upon the County's factual allegation that Deputy Wright was not acting within the scope of his county employment. Pierce County puts forward a factual defense, alleging instead that Wright was under the direction and control of Bonney Lake during the incident giving rise to this suit. The County argues it is thereby relieved of liability.

Factual defenses cannot be made on a motion to dismiss. The County makes summary judgment arguments, which are inappropriate here. On a thorough reading of the Complaint, there is no basis to dismiss the vicarious liability claim against either the County or City.

Defendants' Motion to Dismiss state law vicarious liability claims against the municipalities for assault, battery, and use of excessive force is DENIED.

**c. State Law Negligence Claims Against the County and City**

Plaintiff asserts negligence claims against the County and City. Plaintiff argues the municipalities were negligent in failing to properly supervise their employees, failing to instruct in proper use and deployment of a taser weapon, and failing to institute protocols and procedures for the use of such weapons.

The County and City argue that these claims are simply legal conclusions without factual support in the Complaint. Defendants argue that Plaintiff has failed to make a showing that the County's and City's actions met state law elements of negligence.

This Court is not bound to accept legal conclusions couched as factual allegations. *See Twombly*, 550 U.S. at 555. However, on a favorable review of allegations regarding the officers' conduct, there are sufficient facts alleged in Plaintiff's Complaint "to raise a reasonable expectation that discovery will reveal evidence" of negligence in supervising, instructing, and implementing protocols and procedures. *Id*. at 556.

Again, Defendants wish to argue a summary judgment motion. However, Plaintiff need only assert sufficient facts to plausibly support negligence claims. Given the allegations Plaintiff makes regarding the officers' actions, it is plausible that the municipalities were negligent in supervising and training. Defendants will have the future opportunity to file summary judgment motions. Until that time, there is insufficient basis to dismiss these claims. Defendants' Motion to Dismiss Plaintiff's negligence claims against the County and City is DENIED.

**2. Claims Against Bonney Lake Police Officer Eric Alfano**

Officer Eric Alfano joins the County and City's Motion to Dismiss. The arguments raised in Defendants' Motion are not applicable to Officer Alfano. Alfano's Motion to Dismiss is DENIED.

## CONCLUSION

The municipal Defendants' Motion to Dismiss federal § 1983 claims against the County and City is GRANTED. Municipal Defendants' Motion to Dismiss the state law vicarious liability claim against the County and City for assault, battery, and use of excessive force is DENIED. Municipal Defendants' Motion to Dismiss state law negligence claims against the County and City is DENIED. Defendant Alfano's Motion to Dismiss is DENIED.

For the reasons stated above, Defendants' Motion to Dismiss is GRANTED in part and DENIED in part. Plaintiff is hereby permitted to amend its Complaint in order to assert a *Monell* claim.

**IT IS SO ORDERED.**

Dated this 8th day of November, 2011.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE