HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RUDOLPH B. ZAMORA JR.,

                Plaintiff,

v.

CITY OF BONNEY LAKE et al.,

                Defendants.

No. 11-CV-5495 RBL

ORDER

[Dkt. #17]

## **INTRODUCTION**

On November 8, 2011, the Court dismissed Plaintiff's § 1983 claims against the City of Bonney Lake and Pierce County. Order [Dkt. #13]. The Court requested that Plaintiff file an amended complaint within 10 days if he could remedy the shortcomings identified. *See id.* at 5. Plaintiff filed the Amended Complaint approximately six weeks later. Am. Compl. [Dkt. #14] (Dec. 20, 2011). Due to Plaintiff's late amendments, Defendants have moved to strike the Amended Complaint as untimely. Def.'s Mot. to Strike [Dkt. #17]. Counsel explains (with refreshing bluntness) that he simply did not see the 10-day limitation in the middle of the order. Decl. of Antoni H. Froehling at 1 [Dkt. #19].

The Court recognizes that it neglected to include the 10-day limitation in the conclusion of the order and will not strike the motion on those grounds. However, because the alterations in the Amended Complaint fail the *Iqbal* pleading standard, the Court will dismiss the same claims in the Amended Complaint that it dismissed in the original (which appear to be the sole difference).

Order - 1

## DISCUSSION

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the Court must accept as true a complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949.

The amendments to the original Complaint appear in §§ 4.3 and 5.3 of the Amended Complaint, attempting to patch the holes in Plaintiff's excessive-force and invasion-of-privacy claims. In its prior order, the Court found that Plaintiff had failed to allege a *Monell* claim, i.e., "that official policy is responsible for a deprivation of rights protected by the Constitution . . . ." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Plaintiff's amendments fail to patch the holes.

In regards the excessive-force claim, the Amended Complaint asserts merely that the City and County have a policy or custom of giving Tasers to officers—and nothing more:

> The Pierce County Sheriff's Office and Bonney Lake Police Department have either a formal or informal policy or custom of allowing their officers to engage in the use Tasers by deploying them in certain situations.
>
> That use of Tasers has been sanctioned . . . as evidenced by the distribution of such weapons to officers in the Department, the training of such officers and the distribution of training materials outlining the use of Tasers. Such sanctioning of the use of Tasers is further evidenced by the fact that the use of the weapons in the manor and method in which they were used in this instance has

> been approved by supervisory personnel in the respective departments after the fact. Additionally, the Bonney Lake Police Department shows its further sanctioning of the use of the Tasers in the methods complained of in this claim by advancing the filing and prosecution of the Plaintiff in Municipal Criminal Court for his actions, despite the use of the Taser by its officer.

Am. Compl. at 4–5. These allegations are mere recitations of the elements, devoid of facts. The Amended Complaint fails to tie the alleged misconduct of its officers to any policy or custom of the City or County. Merely giving officers Tasers does not constitute a policy responsible for a constitutional deprivation. Moreover, the Court fails to comprehend how the City and County "sanction" officer misconduct by prosecuting the Plaintiff for his own misconduct. In short, the Amended Complaint lacks any factual basis to impute *Monell* liability on the excessive-force claim against either the City or County. The same reasoning applies to Plaintiff's invasion-of-privacy claim.

Again, Plaintiff simply recites the elements of the law, without alleging facts in support:

> That the Pierce County Sheriff's Office and Bonney Lake Police Department have either a formal or informal policy or custom which authorizes or allows their officers to enter into the homes of citizens and invade their privacy without permission and without proper cause.
>
> That the existence of such policy or custom is evidenced by the fact that the actions of Defendants Alfano and Wright have been approved by their superiors and that the City of Bonney Lake has used the evidence gained from such entry into the home of the Plaintiff to support the filing and prosecution of the Plaintiff for his actions undertaken while he was in his home.

Am. Compl. at 6. These allegations fail to state claims against the City and County for the same reasons discussed above—they are mere recitations of the elements. And again, the prosecution of Plaintiff cannot constitute a policy sanctioning officer misconduct.

## CONCLUSION

Because the Amended Complaint fails to state facts sufficient to support Plaintiff's excessive-force or invasion-of-privacy claims against the City or County, the Court **DISMISSES** the claims.

Dated this 28th day of March 2012.

*Ronald B. Leighton*
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE