HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RUDOLPH B. ZAMORA JR., <br><br> Plaintiff, <br><br> v. <br><br> CITY OF BONNEY LAKE, BONNEY LAKE POLICE DEPARTMENT, PIERCE COUNTY, PIERCE COUNTY SHERIFF'S OFFICE, BONNEY LAKE POLICE OFFICER ERIC ALFANO, and PIERCE COUNTY SHERIFF SHANDON WRIGHT, <br><br> Defendant. | CV11-5495RBL <br><br> ORDER GRANTING PIERCE COUNTY'S MOTION FOR SUMMARY JUDGMENT |

THIS MATTER is before the Court on Defendant Pierce County's Motion for Summary Judgment. [Dkt. #21]. The case arises from an incident at Plaintiff Zamora's residence, which resulted in a Bonney Lake Police Officer Tasing Mr. Zamora. Zamora sued Bonney Lake Police Officer Eric Alfano, Pierce County Sheriff Shandon Wright, and their various employers. His Amended Complaint asserts claims for assault, battery and excessive force; invasion of privacy; negligence; false arrest; and outrage.

On Defendants' Motion, Plaintiffs' 42 U.S.C. §1983 claims against the City and County were Dismissed [*See* Dkt. # 13]. Because the Defendants' Motion to Dismiss Zamora's state law vicarious liability claims against them was fact based, that part of the Motion was denied. Pierce

ORDER- 1

County now seeks Summary Judgment on Zamora's claims against it. It argues there is no evidence that its officer, Wright, ever deployed his Taser, and that Zamora cannot establish the remainder of his claims as a matter of law. As the County correctly points out in its Reply, Zamora's Response addresses only the County's Motion on his assault/battery and false arrest claims; his excessive force claim was previously dismissed, and he appears to have abandoned his negligence and invasion of privacy claims. It argues that, under *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), it has properly "pointed out that there is an absence of evidence to support" Zamora's case, that he has not demonstrated otherwise, and that no jury could find in his favor.

For the reasons discussed below, Pierce County's Motion for Summary Judgment is GRANTED.

## I. FACTUAL BACKGROUND

The factual background of this case is well known to the parties and was outlined by the Court in its prior Order on Defendants' Motion to Dismiss [*See* Dkt. #13]. In short, Bonney Lake Police Officers were summoned to the Zamora residence by his father's girlfriend, who was distraught and concerned that Plaintiff's father was going to commit "suicide by cop," and/or harm others on the property, including his son, Plaintiff Zamora. The 911 dispatcher relayed this information to the BLPD officers, as well as the information that Plaintiff Zamora was an officer safety risk, due to a prior domestic violence incident involving guns, and that SWAT responded to that incident. The police officer was also told that Plaintiff Zamora had 4-5 guns.

Due to the nature of the call, the police asked for backup from the Pierce County Sherriff's Department. Defendants Alfano and Wright were among those who responded. When they arrived, they had trouble making contact with anyone. Eventually, they did contact a

woman leaving an auxiliary building, and, through an open door, viewed Plaintiff on a couch in that building. Plaintiff was covered by a blanket, and there appeared to be a semi-automatic handgun within his reach. The officers made various efforts to contact him, and to get him to show his hands. Zamora finally sat up, but kept one hand under the blanket. The officers entered, and Plaintiff began putting his hands under the blanket. Defendant Alfano deployed his Taser, but one of the probes did not make contact.

Plaintiff rose with clenched fists, and Wright sought to handcuff him. Meanwhile, Alfano fired his Taser again, and this time it properly contacted Zamora. Wright claims he did not know that the Taser had been deployed again, but Plaintiff argues that he did. In any event, Zamora went down and was handcuffed. He was eventually cited for obstructing an officer, and released. Two Bonney Lake municipal judges determined that there was probable cause to arrest Zamora on the obstruction charge, and sent the case to a jury. He was acquitted, and he sued.

The factual issues in this Motion are limited. Pierce County claims that only Mr. Zamora's assault and battery and false arrest claims are even contested, and that Zamora has failed to provide any evidence in support of them. They specifically argue that there is no evidence that Wright deployed his Taser, that he was not the arresting officer, and that there was probable cause to arrest Zamora in any event.

## II. DISCUSSION

**A. There is no evidence supporting Plaintiff's Assault and Battery claim against Pierce County.**

Mr. Zamora's complaint asserts that the "actions of [Deputy] Wright and [Officer] Alfano, by deploying their Tasers, constitute an unlawful touching and are therefore an assault and battery and the use of excessive force." Dkt. #2 at 9. Pierce County argues that because

Deputy Wright did not deploy a Taser, he cannot be guilty of the alleged unlawful touching. Dkt. #21 at 7. Mr. Zamora argues that actions of law enforcement officers in general constitute unlawful touching and therefore assault, battery, and excessive force, by *all* officers and their respective agencies. This claim is not supportable.

Mr. Zamora does not strenuously dispute that Pierce County Deputy Wright did not deploy, request, or even know of officer Alfano's Tasing of Mr. Zamora; Wright had nothing to do with it. Therefore, any assault and battery "by deploying their Tasers" cannot have been committed by Deputy Wright, as a matter of law.

The only physical contact that Deputy Wright had with Mr. Zamora was to handcuff him. Until he responded to the County's Motion, Mr. Zamora did not complain that that touching was unconstitutional or unlawful. The use of force is not unlawful when "necessarily used by a public officer in the performance of a legal duty, or assisting the officer and acting under the officer's direction." RCW 9A.16.020.

The officers were at the Zamora residence in response to a 911 call claiming that Plaintiff's father was intent on injuring himself and or others. When they happened upon Plaintiff, he had a gun nearby and was not responsive to the officer's instructions—and he does not dispute this. Instead, he argues that the gun was a toy. Under the facts as alleged by Plaintiff, the "touching" by Wright was not unlawful and cannot support an assault claim against Pierce County.

Zamora's assault and battery claim against Pierce County for the allegedly unlawful touching by Tacoma Police Officer Alfano is insufficient as a matter of law.

**B. No evidence supports Mr. Zamora's remaining claims against Pierce County.**

Pierce County correctly argues that this Court previously dismissed Zamora's §1983 claims against the County, including his excessive force and invasion of privacy claims. It also points out that Mr. Zamora's Response does not address his "fatally defective" negligence claim, and that this claim (and any others not addressed by Plaintiff in Response to its Motion for Summary Judgment) should be dismissed as a matter of law.

The only other claim addressed in Plaintiff's Response is his false arrest claim. Zamora apparently argues that because Zamora was arrested, all officers and agencies involved are liable for false arrest. This claim is flawed for two independently sufficient reasons: Pierce County's employee, Wright, did not arrest Mr. Zamora; and even if he had, it has already been determined that the arresting officer had probable cause to arrest Zamora. "Probable cause is an absolute defense to a false arrest claim." *McBride v. Walla Walla County*, 95 Wn.App. 33 (1999). There is no evidence in support of Plaintiff's claims against Pierce County, and no reasonable jury could find in Plaintiff Zamora's favor on these claims as a matter of law.

Pierce County's Motion for Summary Judgment [Dkt. #21] is therefore **GRANTED**, and Plaintiff's claims against it are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED this 19th day of June, 2012.

Ronald B. Leighton
United States District Judge